UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| MUSTAFA SAVIOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV625-076 |
| | ) | |
| CORECIVIC INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Mustafa Savior has filed this case asserting 42 U.S.C. § 1983 claims arising out of allegedly inadequate medical treatment at Jenkins Correctional Facility and First Amendment violations. *See* doc. 1. The Court previously screened his Complaint and directed him to amend it. Doc. 9. After he filed multiple motions for leave to amend and "supplement" his pleadings, the Court entered an Order directing him to file a single complete pleading. Doc. 28. Savior has now filed his Second Amended Complaint. Doc. 31. The Court, therefore, proceeds to screen that pleading. *See, e.g.,* 28 U.S.C. § 1915A. For the reasons explained below, Savior's Second Amended Complaint is **DISMISSED** for failing to state any claim upon which relief can be granted. Doc. 31; *see* 28 U.S.C. § 1915A(b)(1).

1

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

The most obvious problem with Savior's Second Amended Complaint is that its factual allegations are vague and almost entirely conclusory. It names ten defendants and two groups of unidentified anonymous defendants. Doc. 31 at 1-2. The factual allegations, however, never specify what any particular defendant is alleged to have done, only what claims under which they are allegedly liable. *See id.* at 3-4. As discussed in more detail below, the factual allegations that might support particular claims are pleaded so vaguely and generally that they cannot support any viable claims.

The first claim that Savior asserts is a claim that defendants were deliberately indifferent to his serious medical needs.  Doc. 31 at 4. "Federal and state governments . . .  have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991).  To establish an Eighth Amendment claim based on inadequate medical care, a plaintiff must allege facts sufficient to show that the defendants engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The objective component to deliberate indifference in this context, *see Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024), requires that plaintiff allege an objectively "serious medical need[–]one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (internal quotations and citations omitted).  Second, a plaintiff must show that the defendants acted with deliberate indifference to his serious medical need by demonstrating that the defendants were subjectively aware that their own inaction caused a

substantial risk of serious harm and that the defendants unreasonably disregarded that risk. *Wade*, 106 F.4th at 1262. If the defendants acted reasonably, they cannot be held liable under the Eighth Amendment. *Id.*

Savior alleges that "[b]eginning in approximately 2020, [he] experienced progressive neurological symptoms including numbness in the hands and fingers, weakness, pain, loss of grip strength, balance problems, gait instability, and worsening physical impairment." Doc. 31 at 3. Notwithstanding that any claim arising from events prior to approximately October 2023 would be time-barred, *see* doc. 1; *see also, e.g.,* O.C.G.A. § 9-3-33; *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986), Savior's vague allegation does not allege a "serious medical need." The symptoms that Savior identifies *might* rise to the level of a serious medical need, but in the absence of any allegation concerning their severity, as pleaded, they do not. Moreover, his allegations of any defendant's subjective knowledge of his condition are entirely conclusory. *See* doc. 31 at 3-5. It is not possible to allege the subjective component of a deliberate indifference claim generally. *See, e.g., id.* at 3 ("Defendants were aware Plaintiff faced substantial risk of serious harm. . . ."). While the Court does not dismiss the seriousness of

the ultimate spinal treatment that Savior received, *id.*, the allegation that his condition, at some unspecified point, became serious is not sufficient to imply that any particular defendant was subjectively aware of any particular objectively serious condition at any particular point in time. His Second Amended Complaint, therefore, fails to state any deliberate indifference claim.

The next claim his Second Amended Complaint asserts is that several defendants retaliated against him "for filing grievances, complaints, and this federal lawsuit." Doc. 31 at 5. To prevail on a [First Amendment] retaliation claim, the inmate must establish that: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action . . . and the protected speech." *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (internal quotations and alterations omitted); *see also Smith v. Fla. Dep't of Corr.,* 713 F.3d 1059, 1063 (11th Cir. 2013) (identifying elements for a retaliation claim). Recognizing "both the near inevitability of decisions and actions by prison officials to which prisoners will take

exception and the ease with which claims of retaliation may be fabricated, [courts] examine prisoners' claims of retaliation with . . . particular care." *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (Calabresi, J.), *abrogated on other grounds by Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020); *see also, e.g., Skinner v. Sproul*, 2015 WL 196191, at *7 (M.D. Ga. Jan. 14, 2015). Written grievances, at least, are protected speech. *See, e.g., Smith v. Mosley,* 532 F.3d 1270, 1276 (11th Cir. 2008) ("It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administration about the conditions of his confinement."). Whether or not Savior sufficiently alleges adverse action, however, his allegation of a causal connection is entirely conclusory. *See* doc. 31 at 4, 6; *see also, e.g., Jackson v. Assistant Warden*, 2018 WL 7858414, at *2 (11th Cir. Dec. 6, 2018) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998)) ("[A] plaintiff is required to do more than make 'general attacks' on a defendant's motivations and must articulate 'affirmative evidence' of retaliation to [allege] the requisite motive."). His Second Amended Complaint, therefore, fails to state a First Amendment retaliation claim.

6

The third claim asserted in Savior's Second Amended Complaint is that prison employees' interference with his mail denied him access to the courts. As the Court explained when it screened Savoir's original Complaint, *see* doc. 9 at 9, an access-to-courts claim requires an allegation of "actual injury," *i.e.*, that alleged interference "must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008). To allege "actual injury," "[i]n his complaint, the plaintiff must describe the underlying cause of action in specific enough terms to show that the underlying claim is 'arguable' and 'nonfrivolous.'" *Jordan v. Oakes*, 2025 WL 618819, at *1 (11th Cir. Feb. 26, 2025) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002)). Nothing in Savior's Second Amended Complaint indicates what action or claim he sought to assert. *See generally* doc. 31. He has, therefore, failed to allege that any interference with his mail caused any "actual injury" sufficient to support an access-to-courts claim.

Finally, Savior's Second Amended Complaint asserts that his Fourteenth Amendment rights were violated when he was not provided with sufficient process before changes were made to his housing

classification and assignment.[1]  *See* doc. 31 at 6-7.  Again, as the Court previously explained, *see* doc. 9 at 10-11, he has no constitutionally protected interest in avoiding transfer from one prison to another, *see, e.g., Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008) (prisoner "did not state a due process claim because he has no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison."), and he has failed to allege that any circumstances of his segregated confinement are more restrictive or particularly harsh, *see, e.g., Gilyard v. McLaughlin*, 2015 WL 1019910, at *7 (M.D. Ga. Mar. 9, 2015) ("Something more than the conclusory statement that the listed conditions are an 'atypical and significant hardship' is required; Plaintiff must state or allege *facts* that show an 'atypical and significant hardship.'").  Savior's Second Amended Complaint does not even conclusorily allege that the conditions of his transferee confinement were more restrictive or harsh than his prior confinement.  *See generally* doc. 31.  He has, therefore, failed to state a

---

[1]  He also alleges that those changes were made in retaliation for his First Amendment protected activities.  *See* doc. 41 at 7.  The insufficiency of his First Amendment retaliation claim is discussed above.  The Court, therefore, focuses on

Fourteenth Amendment due process claim concerning his transfer or classification.

Because Savoir's Second Amended Complaint does not sufficiently allege any claim upon which relief could be granted, it is **DISMISSED**. Doc. 31; *see also, e.g.,* 28 U.S.C. § 1915A.  The Clerk is **DIRECTED** to enter the appropriate judgment and **CLOSE** this case.

**SO ORDERED**, this 19th day of May, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9